Tilghman C. J.,
delivered the opinion of the Court.
In considering this matter, we are to distinguish between *261 the effect of an agreement as to the parties themselves, and as to a third person. If A and B are about to form a connection in mercantile business, they may, so far as themselves, make what terms they please. If it be agreed, that A'shall furnish all the stock, and B contribute his services in consideration whereof he shall be entitled to one-half the profits, without being subject to ány part of the loss, it is all very fair and very well between A & B. But as to the world, who have no means of knowing the secret agreements of partners, such a condition is not to be permitted. The partnership creditors trust to the partnership stock, and, therefore, no man shall be allowed to lessen that stock, by taking part of the profits, without incurring the responsibility of a partner. This principle may bear hard upon a man who never intended to assume such responsibility, but it is founded in good policy, and has the effect of preventing fraud. The law was so laid down in Grace v. Smith, (2 W. Black. 998.) “Every man,” says C. J. De Gray, “ who has a share of the profits of a trade, ought also to bear his share of the loss ; and if any one take part of the profits, he takes part of that fund on which the creditor of the trader relies for his payment.”
In Waugh v. Carver, 2 H. Black. 235. Grace v. Smith, was cited and relied on. Eyre, C. J. thus expresses himself: “ Upon the authority of Grace v. Smith, he who takes a moiety of all the profits indefinitely, shall, by operation of law, be made liable to losses, if losses arise j upon the principle, that by taking a part of the profits, he takes from the creditors a part of that fund which is the proper security to them for the payment of their debts. That was the foundation of the decision of Grace v. Smith ; and I think it stands upon the fair ground of reason.” In Hesketh v. Blanchard, (4 East, 144.) the same principle was recognised by Lord Ellewborough. In the present state of the world, we cannot afford to part with. a;iy of the safe-guards against fraud. It is impossible to know the secret agreements of merchants. It is of importance that creditors should not be deprived of that fund to which they looked for payment, and to which they had a right to look, as it was the visible sign held out to them, by which they were to judge of the amount of the partnership property. Every man who trusts the partnership, increases this fund, upon the faith of its being applied in the first instance to pay the partnership debts ; and, therefore, *262 no man shall be suffered to diminish it, under the pretence of taking part of the profits as a compensation for his services, being himself responsible in case of loss. This is all fa¡r jn principé ancj good in practice. I agree, therefore, with the President of the Court of Common Pleas, that if ^ Dry den, jun. was to take half the profits, he was, by operation of law, the partner of Purviance. I perceive no error, and am of opinion that the judgment should be affirmed.
"Judgment affirmed.